**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| NEW ENGLAND COUNTRY FOODS, LLC, a Vermont Limited Liability Company, | No. 22-55432 |
| | D.C. No. 8:21-cv-01060-DOC-ADS |
| *Plaintiff-Appellant*, | |
| v. | ORDER CERTIFYING QUESTION TO THE SUPREME COURT OF CALIFORNIA |
| VANLAW FOOD PRODUCTS, INC., a California corporation, | |
| *Defendant-Appellee*. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted October 17, 2023
Pasadena, California

Filed December 6, 2023

Before: Richard A. Paez and Holly A. Thomas, Circuit
Judges, and Jed S. Rakoff,[*] District Judge.

Order

---

[*] The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

2 NEW ENGLAND CTRY. FOODS, LLC V. VANLAW FOOD PROD., INC.

## SUMMARY[**]

### Certification Order / California Law

The panel certified the following question to the California Supreme Court:

> Is a contractual clause that substantially limits damages for an intentional wrong but does not entirely exempt a party from liability for all possible damages valid under California Civil Code Section 1668?

## ORDER

We respectfully ask the Supreme Court of California to exercise its discretion to decide the certified question set forth in section II of this order. We provide the following information in accordance with California Rule of Court 8.548(b).

### I. Administrative Information

The caption of this case is:

No. 22-55432

NEW ENGLAND COUNTRY FOODS, LLC, a Vermont Limited Liability Company, Plaintiff-Appellant,

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

v.

VANLAW FOOD PRODUCTS, INC., a California corporation, Defendant-Appellee.

The names and addresses of counsel for the parties are:

> For Plaintiff-Appellant New England Country Foods, LLC: Michael K. Hagemann, M.K. Hagemann, P.C., 1801 Century Park East, Suite 2400, Century City, California 90067.

> For Defendant-Appellee Vanlaw Food Products, Inc.: Krista L. DiMercurio, Mark D. Magarian, Magarian and DiMercurio, APLC, 20 Corporate Park, Suite 255, Irvine, California 92606.

If our request for certification is granted, we designate New England Country Foods, LLC as petitioner. It is the appellant before our court.

## II. Certified Question

We certify to the Supreme Court of California the following question of state law:

> *Is a contractual clause that substantially limits damages for an intentional wrong but does not entirely exempt a party from liability for all possible damages valid under California Civil Code Section 1668?*

We certify this question pursuant to California Rule of Court 8.548. The answer to this question will determine the outcome of the appeal currently pending in our court. We

4   NEW ENGLAND CTRY. FOODS, LLC V. VANLAW FOOD PROD., INC.

will accept and follow the decision of the California Supreme Court as to this question. Our phrasing of the question should not restrict the California Supreme Court's consideration of the issues involved.

### III. Statement of Facts

On June 16, 2021, appellant, New England Country Foods ("NECF"), sued appellee, Vanlaw Food Products ("Vanlaw"). The allegations in the complaint are as follows.

In 1999, NECF began selling a barbeque sauce with several proprietary aspects to Trader Joe's, which in turn sold it to the public. After initially manufacturing the product itself, NECF entered into an "Operating Agreement" with Vanlaw, whereby Vanlaw agreed to manufacture NECF's barbeque sauce. Near the end of the agreement, Vanlaw offered to "clone" NECF's barbeque sauce and sell it directly to Trader Joe's, effectively undercutting NECF. Trader Joe's subsequently accepted and terminated its 19-year relationship with NECF as a result. Vanlaw was ultimately unable to clone the barbeque sauce, and Trader Joe's pursued an alternative option.

The contractual relationship between NECF and Vanlaw was governed by a Mutual Non-Disclosure Agreement and Operating Agreement. NECF contends that the Mutual Non-Disclosure Agreement forbade Vanlaw from reverse engineering NECF's barbeque sauce. NECF therefore sued Vanlaw, asserting five causes of action: (1) breach of contract, for breaching the prohibition on reverse engineering in the Mutual Non-Disclosure Agreement and the implied covenant of good-faith and fair dealing; (2) intentional interference with contractual relations; (3) intentional interference with prospective economic relations; (4) negligent interference with prospective economic

relations; and (5) breach of fiduciary duty. In its initial complaint, NECF sought past and future lost profits, attorneys' fees, litigation costs, and punitive damages.

However, the Operating Agreement contained a "limitation on liability" clause that stated, "[t]o the extent allowed by applicable law: (a) in no event will either party be liable for any loss of profits, loss of business, interruption of business, or for any indirect, special, incidental or consequential damages of any kind[.]" In addition, an indemnification provision stated, "in no event shall either party be liable for any punitive, special, incidental or consequential damages of any kind (including but not limited to loss of profits, business revenues, business interruption and the like)."

Vanlaw moved to dismiss the complaint, arguing, in relevant part, that the foregoing clauses in the Operating Agreement barred NECF's claims. The district court agreed and dismissed NECF's complaint with leave to amend. The district court concluded that the limitation of liability clauses barred the complaint because they only permitted NECF to recover "direct damages or injunctive relief," yet NECF was attempting to recover "past and future lost profits, attorneys' fees and costs, and punitive damages." The district court also found that the limitation of liability clauses were permissible under California law because California Civil Code Section 1668 only "prevent[s] contracts that completely exempt parties from liability, not simply limit damages." However, the district court granted NECF "leave to amend its [c]omplaint to seek remedies permitted under the Operating Agreement and/or to plead why the available remedies are unavailable or so deficient as to effectively exempt [appellee] from liability."

6   NEW ENGLAND CTRY. FOODS, LLC V. VANLAW FOOD PROD., INC.

NECF then amended its complaint to add two new allegations: (1) that its harm was only in the "form of lost profits (both past and future)" and (2) "the limitation-of-liability provisions in the Operating Agreement . . . if applied, would completely exempt Defendant from liability from the wrong alleged herein because said provisions purport to bar all claims for, 'loss of profits.'" Vanlaw again moved to dismiss the complaint, arguing that the limitation of liability clauses in the Operating Agreement still barred NECF's lawsuit. The district court agreed and dismissed NECF's first amended complaint with prejudice. The district court again held that the limitation of liability provision was permissible under California Civil Code Section 1668 because it "does not bar all liability, just liability for specific types of relief." NECF could still seek unpaid royalties, direct damages, or injunctive relief.

## IV. Explanation of Certification Request

The dispositive issue on appeal is whether contractual limitation of liability clauses for intentional wrongs that bar certain forms of damages, but not all possible damages, are valid under California Civil Code Section 1668. There is an unresolved split of authority on this question among California state courts.

In general, limitation of liability clauses are permissible. *See Lewis v. YouTube, LLC*, 244 Cal. App. 4th 118, 125 (2015). However, California Civil Code Section 1668 limits the permissible scope of such clauses. It provides that "[a]ll contracts which have for their object, directly or indirectly, to exempt anyone from responsibility for his own fraud, or willful injury to the person or property of another, or violation of law, whether willful or negligent, are against the policy of the law." Cal. Civ. Code § 1668. The California

Supreme Court has explained that an "exculpatory clause [that] affects the public interest" is invalid under this statutory provision. *See Tunkl v. Regents of Univ. of Cal.*, 60 Cal. 2d 92, 98–104 (1963) (invaliding an exculpatory provision in a hospital-patient contract); *Henrioulle v. Marin Ventures, Inc.*, 20 Cal. 3d 512, 519–21 (1978) (invalidating exculpatory provisions in residential leases). In addition, the California Supreme Court has held that provisions exculpating all liability for "intentional wrongdoing" and "gross negligence" are invalid under Section 1668. *See Westlake Cmty. Hosp. v. Superior Ct.*, 17 Cal. 3d 465, 479 (1976) (holding that a bylaw that "bar[red] . . . plaintiff's claim based on the *intentional* wrongdoing of the hospital or its staff" was invalid under Section 1668 (emphasis in original)); *City of Santa Barbara v. Superior Ct.*, 41 Cal. 4th 747, 751 (2007) (holding "that an agreement made in the context of sports or recreational programs or services, purporting to release liability for future gross negligence, generally is unenforceable as a matter of public policy"). Accordingly, Section 1668 will "invalidate[] contracts that purport to exempt an individual or entity from liability for future intentional wrongs," "gross negligence," and "ordinary negligence when the public interest is involved or . . . a statute expressly forbids it." *Spenser S. Busby, APLC v. BACTES Imaging Sols., LLC*, 74 Cal. App. 5th 71, 84 (2022) (internal quotation marks omitted) (quoting *Frittelli, Inc. v. 350 N. Canon Drive, LP*, 202 Cal. App. 4th 35, 43 (2011)).

However, the California Supreme Court has not addressed the precise question at the center of this appeal: whether a limitation of liability clause that exempts a party from liability for some but not all possible damages is permissible under California Civil Code Section 1668.

California's lower courts are currently split on the issue. Some California courts have upheld such clauses. *See, e.g.*, *Farnham v. Superior Ct.*, 60 Cal. App. 4th 69, 77 (1997) (finding "that a contractual *limitation* on the liability of directors for defamation arising out of their roles as directors is equally valid where, as here, the injured party retains his right to seek redress from the corporation" (emphasis in original)); *CAZA Drilling (Cal.), Inc. v. TEG Oil & Gas U.S.A., Inc.*, 142 Cal. App. 4th 453, 475 (2006) ("[T]he challenged provisions . . . represent a valid limitation on liability rather than an improper attempt to exempt a contracting party from responsibility for violation of law within the meaning of [S]ection 1668."). Other courts have invalidated or acknowledged the potential invalidity of such clauses. *See Klein v. Asgrow Seed Co.*, 246 Cal. App. 2d 87, 98–101 (1966) (finding a limitation of liability statement void under Section 1668); *Health Net of Cal., Inc. v. Dep't of Health Servs.*, 113 Cal. App. 4th 224, 239 (2003) (declining to address the precise issue but noting that "[S]ection 1668 has, in fact, been applied to invalidate provisions that merely limit liability").

The statutory language of Section 1668 seems susceptible to both readings. The use of the word "exempt" in the statute may indicate that only provisions that categorically bar all liability are invalid. However, when read within its broader context—that "all contracts which have for their object, directly or indirectly, to exempt anyone from responsibility"—the term "exempt" may be interpreted to mean that even liability provisions that bar only certain kinds of damages run afoul of this statute, because they could have the indirect effect of effectively exempting a party from liability. The guidance of the California Supreme

Court on this issue is critical to clarifying the meaning of this statutory language.

This unresolved issue of state law is pivotal in this case and important for all parties who contract under California law. Count Two, intentional interference with contractual relations, and Count Three, intentional interference with prospective economic relations, are intentional wrongs. *See Ramona Manor Convalescent Hosp. v. Care Enters.*, 177 Cal. App. 3d 1120, 1130–31 (1986). Count Five, breach of the fiduciary duty of loyalty, is "a willful injury to the . . . property of another under Civil Code [S]ection 1668." *Neubauer v. Goldfarb*, 108 Cal. App. 4th 47, 56–57 (2003).

If the limitation of liability clauses in the Operating Agreement are permissible under Section 1668, the district court's decision to dismiss these causes of action must stand. However, if a limitation of liability clause cannot limit material damages for intentional wrongs, the district court's decision must be reversed, and these causes of action must be permitted to proceed.

Thus, whether a limitation of liability clause that limits some or even most, but not all, damages for intentional wrongs is permissible will determine whether plaintiff is permitted to proceed with these claims. Accordingly, we certify this question to the California Supreme Court.

## V. Accompanying Materials

The Clerk is hereby directed to file in the Supreme Court of California, under official seal of the United States Court of Appeals for the Ninth Circuit, copies of all relevant briefs and excerpts of the record, and an original and ten copies of this order and request for certification, along with a

certification of service on the parties, pursuant to California Rule of Court 8.548(c), (d).

This case is withdrawn from submission. Further proceedings before this court are stayed pending final action by the Supreme Court of California. The Clerk is directed to administratively close this docket pending further order. The parties shall notify the clerk of this court within seven days after the Supreme Court of California accepts or rejects certification, and again within seven days if that court accepts certification and subsequently renders an opinion. The panel retains jurisdiction over further proceedings.

QUESTION CERTIFIED.